JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Patricia K. Croscito and Michael A. Croscito | Memorial Health System Foundation d/b/a Memorial Hospital Colorado Springs, a CO corp.; Jason Tarno, DO; George Reinhardt, MD; Ryan Westfall, DO; Steven Hughes, MD; and Carlos Cardenas, MD |
| (b) County of Residence of First Listed Plaintiff: Person *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* Jeffress Law, PC, 4430 Arapahoe Ave., Ste. 100, Boulder, CO 80303 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
Medical Malpractice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 08/06/2014    SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

PATRICIA K. CRISCITO AND MICHAEL A. CRISCITO

Plaintiffs,

v.

MEMORIAL HEALTH SYSTEM FOUNDATION d/b/a MEMORIAL HOSPITAL COLORADO SPRINGS, a Colorado corporation; JASON TARNO, D.O.; GEORGE REINHARDT, M.D.; RYAN WESTFALL, D.O.; STEVEN HUGHES, M.D.; and CARLOS CARDENAS, M.D.

Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiffs, Patricia Criscito and Michael Criscito, through counsel David S. Woodruff of HILLYARD, WAHLBERG, KUDLA, SLOANE & WOODRUFF, LLP, and Christopher W. Jeffress of JEFFRESS LAW, PC, submits the following Complaint and Jury Demand:

### I. PARTIES

1. Plaintiffs Patricia and Michael Criscito (hereinafter "Plaintiffs") are residents of the State of North Carolina.

2. At all times material hereto, Defendant Memorial Health System Foundation, doing business as Memorial Hospital in Colorado Springs, Colorado (hereinafter "Memorial Hospital"), was and is a Colorado corporation licensed to do business under the laws of the State of Colorado. Memorial Hospital is a hospital formed in accordance with the Colorado Statutes, licensed to do business in the State of Colorado, with its principal place of business at 1400 E. Boulder St., Colorado Springs, CO 80909.

3. At all times material hereto, Defendant Jason Tarno, D.O. (hereinafter "Dr. Tarno") was a physician licensed to practice medicine in the State of Colorado who, upon information and belief, held himself out as a hospitalist. Dr. Tarno's last known address is 2405 Research Way, Colorado Springs, Colorado 80920.

4. At all times material hereto, Defendant George Reinhardt, M.D. (hereinafter "Dr. Reinhardt") was a physician licensed to practice medicine in the State of Colorado who, upon information and belief, held himself out as a hospitalist. Dr. Reinhardt's last known address is 209 S. Nevada Ave., Colorado Springs, Colorado 80903.

5. At all times material hereto, Defendant Ryan Westfall, D.O. (hereinafter "Dr. Westfall") was a physician licensed to practice medicine in the State of Colorado who, upon information and belief, held himself out as a specialist in emergency medicine. Dr. Westfall's last known address is 1400 E. Boulder St., Colorado Springs, Colorado 80909.

6. At all times material hereto, Defendant Steven Hughes, M.D. (hereinafter "Dr. Hughes") was a physician licensed to practice medicine in the State of Colorado who, upon information and belief, held himself out as a radiologist. Dr. Hughes' last known address is 1400 E. Boulder St., Colorado Springs, Colorado 80909.

7. At all times material hereto, Defendant Carlos Cardenas, M.D. (hereinafter "Dr. Cardenas") was a physician licensed to practice medicine in the State of Colorado who, upon information and belief, held himself out as radiologist. Dr. Cardenas' last known address is 1400 E. Boulder St., Colorado Springs, Colorado 80909.

8. The negligent acts or omissions of the Defendants, alleged herein, occurred in El Paso County, Colorado.

9. Plaintiffs bring their Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds

$75,000.

## II. FACTUAL ALLEGATIONS

10. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

11. On or about August 7, 2012, Plaintiff Patricia Criscito bent over to free a bird caught in the netting of the strawberry patch in her yard and sustained severe back pain.

12. On or about August 8, 2012, Plaintiff Patricia Criscito was admitted to Memorial Hospital for severe low back pain.

13. While hospitalized at Memorial Hospital, Plaintiff Patricia Criscito was under the care of Drs. Westfall, Tarno, and Reinhardt.

14. On or about August 8, 2012, Dr. Cardenas, a radiologist, interpreted a lumbar MRI without contrast.

15. On or about August 8, 2012, Dr. Hughes, also a radiologist, interpreted a lumbar MRI with and without contrast.

16. On or about August 11, 2012, Plaintiff Patricia Criscito checked herself out of Memorial Hospital and was admitted at Vail Valley Medical Center in Vail, Colorado.

17. The physicians at Vail Valley Medical Center suspected that Plaintiff Patricia Criscito had sustained a traumatic fracture of the articular facet at the level of L4 in her lumbar spine.

18. A CT scan was ordered at Vail Valley Medical Center, which confirmed the presence of several bony fragments from the fractured facet at L4 that had lodged in the right neural foramen at the levels of L3-4 and L4-5 of her lumbar spine.

3

19. On or about August 15, 2012, surgery was performed, which found multiple bony fragments extending into and impinging on the foramen of the L4 nerve root in Patricia Criscito's lumbar spine.

20. As a result of the Defendants' conduct, Plaintiff Patricia Criscito's right leg in paralyzed.

### III. FIRST CLAIM FOR RELIEF
(Professional Negligence – Defendants Tarno, Reinhardt, Westfall, Hughes, and Cardenas)

21. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

22. At all times material hereto, Defendants Drs. Tarno, Reinhardt, Westfall, Huges, and Cardenas owed a duty of care to Plaintiffs to exercise that degree of skill, care, caution, diligence, and foresight exercised and expected by other physicians practicing as hospitalists, emergency medicine physicians, and radiologists, respectively, and these Defendants deviated from that standard of care and were negligent, including without limitation the following acts or failures to act:

   a. Negligently failing to diagnose the fractured facet at L4;

   b. Negligently failing to refer Plaintiff Patricia Criscito to specialists such as a spine surgeon and/or a pain management specialist; and

   c. Negligently failing to provide reasonable medical care and treatment to Patricia Criscito.

23. As a direct and proximate result of the negligence and carelessness of Defendants Drs. Tarno, Reinhardt, Westfall, Huges, and Cardenas, Patricia Criscito's right leg is permanently paralyzed, leading to ongoing medical care.

24.     As a further direct and proximate result of the negligence and carelessness of the Defendants Drs. Tarno, Reinhardt, Westfall, Huges, and Cardenas, as aforesaid, Plaintiffs have sustained damages, including without limitation noneconomic losses, economic losses, and physical impairment, and physical disfigurement, as further alleged herein.

## IV.    SECOND CLAIM FOR RELIEF
### (Negligence and Vicarious Liability – Defendant Memorial Hospital)

25.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

26.     The nurses and other personnel who were employees or agents of Defendant Memorial Hospital were, at all times relevant hereto, acting in the course and scope of their employment with Defendant Memorial Hospital in providing care and treatment to Plaintiff Patricia Criscito.

27.     Defendant Memorial Hospital, by and through its agents/employees, had a duty to exercise reasonable care in providing medical care and treatment to Plaintiff Patricia Criscito.

28.     Defendant Memorial Hospital, vicariously and through its agents/employees, was negligent in providing medical care and treatment to Plaintiff Patricia Criscito, including but not limited to the following acts or omissions:

    a.  Negligently failing to properly evaluate and treat Patricia Criscito;

    b.  Negligently failing to appropriately monitor Patricia Criscito's medical condition;

    c.  Negligently failing to properly and accurately report Patricia Criscito's medical condition to Defendants Drs. Tarno, Reinhardt, and Westfall; and

d. Providing medical care and treatment to Patricia Criscito that fell below the applicable standard of care for health care providers in an emergency department setting.

29. As a direct and proximate result of the negligence of Memorial Hospital, through its agents/employees, Plaintiff Julie Adams sustained damages, including without limitation noneconomic losses, economic losses, and physical disfigurement, as further alleged herein.

## LOSS OF CONSORTIUM

30. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

31. At all times material hereto, Plaintiffs Patricia Criscito and Michael Criscito were and continue to be husband and wife.

32. As a direct and proximate result of the Defendants' negligence described herein, Plaintiff Michael Criscito sustained a loss of affection, society, companionship, aid and comfort of his wife. Additionally, as described herein, Defendants' negligence has directly and proximately caused Plaintiff Michael Criscito to incur past and future damages for loss of household services and medical expenses.

## DAMAGES

33. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

34. As a result of the Defendants' negligence, Plaintiff Patricia Criscito sustained permanent paralysis of her right leg.

35. As a result of the Defendants' negligence, Plaintiffs have sustained past economic and noneconomic damages and will continue to sustain economic and noneconomic damages in the future.

36. As a result of the Defendants' negligence, Plaintiff Patricia Criscito has sustained pain and suffering, a loss of enjoyment of a natural life; mental and emotional distress; expenses for past and future medical care and treatment; hospital care; loss of time and lost wages, earnings, and/or impairment of earning capacity.

37. Additionally, Plaintiff Patricia Criscito has sustained permanent physical impairment and disfigurement.

38. As a result of Defendants' negligence, Plaintiff Michael Criscito has sustained and will sustain in the future the loss of affection, society, companionship, aid, and comfort of his wife, and has incurred in the past and will incur in the future additional damages for loss of household services.

39. As a direct and proximate result of Defendants' negligence, Plaintiffs have incurred the above-described damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against the Defendants, in an amount to fairly and reasonably compensate them for their injuries and damages as set forth above; for court costs; for expert witness fees; for statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law; and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 6th day of August 2014.

                         **HILLYARD, WAHLBERG, KUDLA, SLOANE, AND WOODRUFF, LLP**

By: *Signature of David Woodruff is on file at the offices of Hillyard, Wahlberg, Kudla, Sloane, and Woodruff, LLP*

/s/ *David Woodruff*

David Woodruff


**JEFFRESS LAW, PC**

By: *Signature of Christopher W. Jeffress is on file at the offices of Jeffress Law, PC*

/s/ *Christopher W Jeffress*
Christopher W. Jeffress


Plaintiffs' Address:
2200 Laws Store Road
Hurdle Mills, NC 27541